```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

JUAN JESUS ORTIZ,

**Plaintiff**

v.

NATIONAL SUPERIOR BASKETBALL, *et al*,

**Defendants.**

**CIVIL NO.** 10-1985 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. 12(b)(6). (Docket No. 29). For the reasons stated below, the Court **GRANTS** Defendants' motion.

**BACKGROUND**

On October 12, 2010, Plaintiff Juan Jesus Ortiz ("Ortiz") filed suit *pro se* against defendants National Superior Basketball, Henry Neumann Zayas, Miguel Laborde, Roberto Hillm (sic), William Sanchez, Luis Calzada and the Puerto Rico Department of Labor.[1] After several months, Ortiz filed a second amended complaint. (Docket No. 18). Upon a motion by defendants, the Court ordered Ortiz to file a more definitive statement of

---

[1] These names were taken from the caption of Defendants' motion to dismiss. (Docket No. 28). The complaint spells some of these names differently.

the claims presented in his complaint. (Docket No. 27). The Court informed Ortiz that he should "file a brief that states the specific acts of defendants that has led Plaintiff to believe he has suffered an injury" and that "[s]pecific events and dates are necessary for the Court to entertain Plaintiff's claim." *Id.*

Afterwards, Ortiz was assigned a court-appointed lawyer to assist with his case. However, his counsel requested relief from appointment because of "irreconcilable differences" between him and Ortiz, making representation impossible. The Court allowed this motion. (Docket No. 42). A second appointment of counsel was granted to Ortiz, but this too suffered the same fate. (Docket No. 57). Thus, the Court is satisfied that Plaintiff Ortiz was apprised of his situation and had ample opportunity to make his case before this Court. We now draw our attention to Defendants' Motion to Dismiss under Rule 12(b)(6), which has been stalled for almost a year due to the aforementioned issues with Ortiz's counsel.

**DISCUSSION**

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

As a threshold matter, we attend to Ortiz's belated request for leave to file a third amended complaint. (Docket No.

57). It is well-settled that a court may deny leave to amend for various reasons, including "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (*citing* Foman v. Davis, 371 U.S. 178, 182, (1962)). We find that any of these reasons are enough to deny Plaintiff a fourth chance at the batter's box.

More than one year has passed since Plaintiff filed his original complaint. In spite of having the assistance of court-appointed counsel and several opportunities to amend, Plaintiff has repeatedly failed to cure the deficiencies in his original complaint. Further amendments to the complaint would only serve to delay proceedings. In an abundance of caution, the Court ordered Ortiz to submit his proposed third amended complaint for consideration; he did not. Thus, the Court finds that Defendants have waited long enough to be served with a well-pleaded complaint. Plaintiff's motion for leave to amend his complaint for a third time is hereby **DENIED**.

MOTION TO DISMISS

This Court is mindful that "a complaint need not pin plaintiff's claim on a precise legal theory." Skinner v. Switzer 131 S.Ct. 1289, 1296 (2011). Rule 8 of the Rules of Civil

Procedure only requires Plaintiff Ortiz to give a "short and plain statement" that explains why this Court has jurisdiction (or authority) to attend to his claim, and another "short and plain statement" describing the grounds upon which he is entitled to relief. Fed. R. Civ. P. 8. In other words, the plaintiff must give defendants a "fair notice" of what the claim is, and of the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is not enough that the charges made in the complaint hint to a possibility of unlawful conduct or liability. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must state a *plausible*, not merely possible, claim for relief. Ashcroft v. Iqbal, 129 S.Ct. at 1951 (internal punctuation omitted).

As a threshold matter, we note that Plaintiff makes no statement regarding jurisdiction. A careful reading of the complaint eliminates any possibility that the case is premised on diversity grounds. After all, the defendants' citizenship is not alleged or described, and none can be reasonably inferred from the allegations in the complaint. On the other hand, we note below that the complaint makes several allegations of discrimination. Thus, it is reasonable to infer that the complaint is grounded on some sort of federal question. We will interpret the complaint accordingly.

In our opinion, Ortiz has not met the basic pleading requirements of Rule 8. The complaint takes several steps in the right direction, but ultimately comes up short of stating a valid claim for relief. For instance, Defendants stand accused of causing Plaintiff many billions of dollars in damages because they allegedly sabotaged his basketball career. (Docket No. 18, p.1; Docket No. 30, p.4). As far as the Court can discern, Plaintiff hinges his accusation on the fact that Defendants discriminated against him on the basis of his nationality, and because of his disabilities. (*See* Docket No. 28; Docket No. 30, p.1). And, he states, "discrimination is a federal offense." (*See* Docket No. 30, p.3). After this point, however, Plaintiff's writings become logically incoherent: Ortiz spends the rest of his memoranda discussing "Section 88 of the Indians Act," international law relating to the condemnation of torture, and other unrelated legal doctrines. (Docket No. 28, pp. 1, 3; Docket No. 30). Unfortunately for Ortiz, the complaint is barren of any allegations that put meat on the bones of his national-origin and disability discrimination claims. Simply put, the complaint does not give Defendants "fair notice" of what Plaintiff is suing them for.

In light of the above, the Court hereby **GRANTS** Defendants' Motion to Dismiss and dismisses the complaint **with prejudice** for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of January, 2012.

<u>S/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge
